IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION



JENNER BENAVIDES, et al.,

        Petitioners/Plaintiffs,

v.

PATRICK GARTLAND, et al.,

        Respondents/Defendants.

CIVIL ACTION NO.: 5:20-cv-46

## O R D E R

Presently before the Court is Petitioners/Plaintiffs' ("Petitioners") Motion for Emergency Inspection and Other Expedited Discovery ("Motion for Expedited Discovery"). Doc. 37. Respondents/Defendants ("Respondents") filed a Response, and Petitioners filed a Reply. Docs. 44, 45. For the reasons and in the manner which follow, the Court **GRANTS in part** and **DENIES in part** Petitioners' Motion.

## DISCUSSION

Petitioners seek expedited discovery to support their currently pending motion for preliminary injunction.[1] Specifically, they request the Court permit their expert, Dr. Homer

---

[1] Petitioners filed a motion for temporary restraining order at the outset of the case. Doc. 4. The Court evaluated that motion as a motion for preliminary injunction, given that Respondents had been notified and responded to the motion. The Court held a hearing and denied Petitioners' motion. Doc. 32. Since that ruling, Respondents have filed a motion to dismiss, doc. 34, and Petitioners have filed an amended complaint, doc. 36, and a new motion for preliminary injunction, doc. 41. The motion considered in this Order—Petitioners' Motion for Expedited Discovery, doc. 37—seeks early and limited discovery in support of Petitioners' currently pending second motion for preliminary injunction, doc. 41. Unless expressly noted otherwise, any reference in this Order to Petitioners' motion for preliminary injunction is a reference to Petitioners' currently pending second motion for preliminary injunction, doc. 41.

Venters, to visit the Folkston Immigration and Customs Enforcement facility in Folkston, Georgia, to conduct an inspection of that facility and an annex to that facility (collectively the "Folkston ICE Facility").  Docs. 37, 45.  The proposed inspection would involve Dr. Venters conducting confidential interviews detainees, inspecting records, and viewing various areas within the facilities.  Petitioners also request leave to propound three interrogatories on Respondents on an expedited basis, seeking information concerning: (1) detainees and staff the Folkston ICE Facility who have been tested for COVID-19, including the dates and results of the tests; (2) recent detainee transfers into and out of the Folkston ICE Facility; and (3) the number of detainees at the Folkston ICE Facility currently in various housing units, quarantine, cohort, or isolation.  Doc. 37-1 at 9.  Petitioners assert this "narrowly tailored discovery prior to a hearing on" their second motion for preliminary injunction "is necessary for the parties and [the] Court to have a full, accurate understanding regarding issues going to the heart of Petitioners'" preliminary injunction motion: "the status of Respondents' alleged efforts to prevent and respond to the outbreak of COVID-19 at Folkston."  Id. at 2.  Respondents oppose all expedited discovery, and, alternatively, argue that if any expedited discovery is permitted, it should be far more circumscribed than what Petitioners propose.  Doc. 44.

The Court conducted a telephonic conference on this matter on May 13, 2020, at which the Court encouraged the parties to continue conferring regarding any mutually agreeable expedited discovery and to provide a report to the Court of their progress on or before May 18, 2020.  In particular, the parties informed the Court that counsel for Petitioners would be participating in a "virtual tour" of an ICE detention facility in the Middle District of Georgia on

2

May 15, 2020, that was ordered as part of expedited discovery in a case pending in that district.[2] Counsel for Petitioners expressed a desire to participate in that virtual tour to assess whether it would be an adequate alternative to an in-person tour of the Folkston ICE Facility in this case.

The parties have now informed the Court that, despite continued conferral, they are unable to reach any agreement regarding expedited discovery. Docs. 49, 50. Petitioners further state they believe the "virtual tour" format to be an unacceptable alternative and maintain their request for an in-person inspection of the Folkston ICE Facility. Respondents inform the Court that if a "virtual tour" is ordered in this case, Respondents will need additional time to install new connectivity hardware, a process that is currently underway. Now that the parties have exhausted their conferral efforts, Petitioner's Motion for Expedited Discovery is ripe for review.

**I.     Petitioners' Proposed Expedited Discovery**

Petitioners allege their constitutional rights are being violated due to Respondents' deliberate indifference to their health and safety in light of the COVID-19 pandemic. Doc. 36. Petitioner maintain Respondents are incapable of protecting them from infection, and thus, they assert release from custody as the only available remedy. Id. In the alternative, Petitioners ask the Court to exercise its equitable powers to assure that Respondents fix "the injurious conditions[]" at the Folkston ICE Facility. Id. at 36; Doc. 45. Because the threat of infection is immediate and presents the potential for irreparable harm, Petitioners maintain release is the only available remedy, but, alternatively, request other lesser of equitable relief. Doc. 37-1 at 9–19. Petitioners maintain that the Court should grant their requested relief now and assert the case should be delayed by a normal litigation schedule. Id.

---

[2]     The parties informed the Court that a "virtual tour" would consist of an ICE representative livestreaming video and audio from the ICE facility, which could be watched in real-time by Petitioners' counsel and expert. The "virtual tour" would not be a pre-recorded video of the facility.

Generally, when the determination of whether to grant preliminary injunctive relief cannot be made based upon the existing pleadings and evidentiary record, it is appropriate to permit some discovery to be conducted in an expedited manner. See Fed. R. Civ. P. 26(d) advisory committee's note to 1993 amendment (explaining that expedited discovery "will be appropriate in some cases, such as those involving requests for a preliminary injunction"). Of course, any expedited discovery that is permitted may only seek "matter that is relevant to any party's claim or defenses and [must be] proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).[3]

Courts generally only permit expedited discovery where there is good cause for the discovery requests and the requests are reasonable. See, e.g., Wachovia Ins. Servs., Inc. v. Paddison, No. 406CV083, 2006 WL 8435308, at *4 (S.D. Ga. Apr. 6, 2006). In evaluating such requests for expedited discovery, a court should take into account the totality of the circumstances and consider the requests in light of the entire record to date. Id. Courts often consider the following factors: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." Id.

I have considered the totality of the circumstances and the entire record to date in this matter, as well as the factors commonly considered in evaluating requests for expedited discovery, and I find Petitioners have not demonstrated good cause for their proposed expedited discovery requests, as the requests have been proposed. The primary—if not only—goal of

---

[3] Petitioners' pleadings in this case demonstrate that it is a "hybrid" case consisting of habeas and civil rights claims for injunctive relief. In light of that and the current posture of the case, the Court assumes that ordinary discovery rules set forth in the Federal Rules of Civil Procedure apply.

4

Petitioners' proposed expedited discovery is to determine whether and to what extent Respondents are complying with CDC Guidance[4] at the Folkston ICE Facility. Indeed, Petitioners' second motion for preliminary injunction seeks (1) Petitioners' release from custody (which was previously rejected by the Court, doc. 32), and (2) alternatively, injunctive relief ordering Respondents to comply with CDC Guidance.[5] Therefore, the Court considers whether good cause exists to allow Petitioners to conduct their proposed expedited discovery to obtain information related to Respondents' compliance with CDC Guidance in support of Petitioners' second motion for a preliminary injunction. The Court addresses the five factors commonly considered by courts in evaluating requests for expedited discovery.

First, Petitioners' request for a preliminary injunction is pending, which ordinarily cuts in favor of granting Petitioners' request for expedited discovery. However, this is Petitioners' second request for preliminary injunctive relief, after their first request was denied. Petitioners did not request expedited discovery related to their first request for preliminary injunctive relief, and none was authorized. But Petitioners were still able to present substantial evidence in support of their first motion for preliminary injunction in the form of various declarations and live testimony at the hearing on that matter. Petitioners' first motion for a preliminary injunction was denied because Petitioners failed to "state a cognizable legal basis for release from confinement." Doc. 32 at 9. Petitioners' core claims and allegations in this case remain the

---

[4] In this Order, CDC Guidance refers to a publication by the Centers for Disease Control and Prevention, Coronavirus Disease 2019 (COVID-19), entitled "Interim Guidance on Management of Coronavirus Disease (COVID-19) in Correctional and Detention Facilities", https://www.cdc.gov/coronavirus/2019-ncov/downloads/guidance-correctional-detention.pdf, last accessed May 20, 2020.

[5] During the May 13, 2020 telephonic conference in this matter, counsel for Petitioners confirmed that all of Petitioners' proposed expedited discovery requests are focused on determining whether and to what extent Respondents are complying with CDC Guidance.

same, though Petitioners have amended their Petition to assert additional theories and to seek additional forms of relief.  Doc. 36.  Even so, the Court cannot ignore that Petitioners have already moved for a preliminary injunction once, sought no expedited discovery concerning that motion, presented extensive evidence in support of that motion, and were denied the preliminary injunction requested.  Thus, the fact that Petitioners' second motion for preliminary injunction is currently pending does not strongly support the need for expedited discovery.

Second, the Court considers the breadth of Petitioners' proposed expedited discovery requests.  Petitioners ask for their expert to conduct a broad, in-person inspection of several different locations at the Folkston ICE Facility (both in the primary facility and an annex), including taking photographs, reviewing of internal documents (e.g., sick-call requests, responses, detention center policies, screening tools, statistical records, checklists, etc.), and conducting confidential interviews of detainees.  Doc. 37-3 at 2; Doc. 45 at 11.  Petitioners ask for the expert to be accompanied by their counsel and a Spanish-language interpreter. Petitioners' request for an inspection, as it is currently proposed, is extraordinarily broad and is more akin to a full audit of the Folkston ICE Facility's operations.  The overbreadth of the proposed inspection cuts against finding good cause and reasonableness.  However, Petitioners' three proposed interrogatories are, on their face, not overly broad.

Third, the Court considers Petitioners' purpose in requesting expedited discovery. Petitioners ask for expedited discovery to "more fully develop the factual record" to support their second motion for preliminary injunction.  Doc. 37-1 at 15.  In their Motion for Expedited Discovery, Petitioners argue they have identified specific instances of unhealthy and unsafe conditions at the Folkston ICE Facility they contend "fail to meet the standards in the CDC Guidance" and then provide 16 separate factual allegations, all supported by citations to

6

documentary evidence.  Id. at 4–7.  Indeed, Petitioners presented extensive evidence at the hearing on their first motion for preliminary injunction and appear to have marshalled even more evidence in support of their second motion for preliminary injunction.  See Doc. 41-1 at 2 ("Petitioners now file this second motion for a preliminary injunction, urging the Court to order their release in light of *additional evidence* showing their imminent risk of injury in detention." (emphasis added)).  Thus, it appears that Petitioners seek expedited discovery only to bolster positions they already contend are supported by evidence.  The fact that Petitioners are seeking cumulative evidence to support their second motion for preliminary injunction cuts against good cause for the proposed expedited discovery.  On the other hand, Petitioners have raised challenges concerning serious medical issues, and much information related to Petitioners' claims is exclusively within Respondents' possession and control.  These observations are true for Petitioners' request for an inspection and their request to propound interrogatories.[6]

Fourth, the Court considers the burden of the proposed expedited discovery on Respondents.  Respondents have demonstrated that the burden of an in-person inspection at the Folkston ICE Facility would be significant.  By Petitioners' own allegations, staff at the Folkston ICE Facility should be devoting their full attention to addressing the unprecedented challenges associated with COVID-19.  The possibility of allowing an outside group—even a small group— into the Folkston ICE Facility's closed environment presents challenges and additional vectors for COVID-19 to enter the facility.  Staff at the Folkston ICE Facility would need to escort and appropriately monitor a group of inspectors and others.  Respondents' counsel makes the

---

[6] The Court notes Respondents have moved to dismiss Petitioners' constitutional claims because, among other things, Respondents argue compliance (or non-compliance) with CDC Guidance is not determinative of whether Respondents violated Petitioners' constitutional rights. Doc. 47 at 20. Petitioners' need for discovery into whether Respondents are complying with the CDC Guidance, therefore, must be considered in light of Respondents' challenge to Petitioners' legal theory.

reasonable request that they, along with their expert, be allowed to be present during the inspection.  Doc. 44 at 15.  Petitioners asks for an interpreter to be present as well.  Thus, at least five outsiders will be violating the quarantine Petitioners insist should be enforced.  It may be possible to take steps to protect the population within the facilities from the transmission of the virus by any of the inspection participants by requiring testing and personal protective equipment, but such measures would provide less than certain protection.

      Even if it could be guaranteed that the inspection participants pose no risk of transmitting COVID-19 within the facilities, the inspection Petitioners seek is expansive and would require disruption of operating procedures at a time when focus on the mission is essential to making sure the environment at the Folkston ICE Facility is safe and secure.  Petitioners seek to examine many areas of the facilities, review numerous facility records, and conduct confidential interviews with detainees.  These activities will disrupt the ordinary operation of the facility and will require additional attention from staff who are already facing unprecedented burdens.  The Court, therefore, finds the burden on Respondents of an expedited inspection to be substantial and increases the COVID-19 risk to detainees and employees.  Moreover, the Court finds that Petitioners can obtain similar discovery without inspecting the facilities in person.  Given the availability of alternative discovery methods that are less burdensome and safer, Petitioners' request for an in-person inspection at this time is disproportionate to the needs of the case.  This factor cuts strongly against good cause for an expedited in-person inspection.  Petitioners' proposed interrogatories likely impose a burden on Respondents—as all discovery requests do—but that burden is not an undue one.

      Fifth, the Court considers how far in advance of the typical discovery process Petitioners' request has been made.  This factor is in equipoise.  On one hand, the parties are due to conduct

8

their Rule 26(f) conference and submit their report to the Court in the coming days.  A scheduling order would be issued soon thereafter.  On the other hand, Respondents have moved to dismiss Petitioners' Amended Complaint and have sought to stay all discovery pending a ruling on the motion to dismiss.  Docs. 47, 48.  Thus, discovery may or may not begin in the near term, depending on the Court's ruling on Respondents' motion to stay.

Based upon the totality of the circumstances and the complete record in this case to date, the Court finds Petitioners have not shown good cause to conduct an in-person inspection of the Folkston ICE Facility as this time.  The Court, therefore, **DENIES in part** the portion of Petitioners' Motion for Expedited Discovery seeking an in-person inspection of the Folkston ICE Facility.  However, I find Petitioners have shown good cause for propounding their proposed interrogatories on Respondents with one modification, and, therefore, I **GRANT in part** this portion of Petitioners' Motion.  Petitioners may propound their three proposed interrogatories on Respondents as written, but Respondents shall only be required to provide information responsive to those interrogatories going back to April 20, 2020 (i.e., 30 days preceding this Order).[7]  Respondents must serve responses to Petitioners' interrogatories on or before June 3, 2020.[8]  Additionally, for the reasons set forth below, Petitioners will be permitted to conduct some other limited discovery on an expedited basis.

---

[7] This more limited date range is based on the fact that the circumstances surrounding the COVID-19 pandemic and Respondents' reactions to the pandemic are rapidly evolving, and recent data are the most important for Petitioners' second motion for a preliminary injunction.

[8] Respondents indicate they reserve the right to object to Petitioners' interrogatories, if the Court permits the interrogatories to be served.  Doc. 44 at 7 n.3.  If Respondents had challenges to the proposed interrogatories, the time to raise those challenges was in response to Petitioners' Motion for Expedited Discovery.  Respondent should not raise additional objections.  However, Respondent is free to pursue a protective order as necessary to limit dissemination, protect confidential information, or otherwise guard against improper use of information provided in response to Petitioners' interrogatories.

## II.     Form and Scope of Additional Permitted Expedited Discovery

In addition to the interrogatories discussed above, I find Petitioners are entitled to conduct some additional limited discovery in support of their currently pending second motion for preliminary injunction.

During the May 13, 2020 conference in this matter, the Court asked Petitioners' counsel about the desirability of conducting telephonic depositions of detainees at the Folkston ICE Facility.  Counsel for Petitioners rejected the notion, stating that such depositions were overly burdensome and not particularly helpful.  Therefore, I will not permit such depositions at this time.  Similarly, the Court explored the possibility of a "virtual tour" of the Folkston ICE Facility.  Counsel for Petitioners have now informed the Court that a "virtual tour" would not achieve Petitioners' aims.  Doc. 50.  Furthermore, counsel for Respondents informed the Court the "virtual tour" is likely unavailable at this time due to technological limitations.  Doc. 49.  Therefore, I will not order Respondents to coordinate a "virtual tour" at this time.

Because the parties were unable to reach an agreement regarding limited expedited discovery, the Court must fashion discovery mechanisms that provide Petitioners an opportunity to develop the record regarding Respondents' compliance with CDC Guidance to support Petitioners' second motion for preliminary injunction, but must do so in a way that is proportional to the needs of the case, and reasonably limits the burden on Respondents.  Accordingly, Petitioners may conduct the following additional discovery on an expedited basis:[9]

1. Petitioners may propound narrow requests for production of documents specifically requesting documents which would support Petitioners' second motion for preliminary injunctive relief.  The requests must be

---

[9] If Respondents conclude this authorized discovery is more burdensome than the expedited discovery sought by Petitioners (namely, the in-person inspection of the Folkston ICE Facility), Respondents may comply with this Order by agreeing to and facilitating the inspection Petitioners requested on or before June 3, 2020.

        narrowly tailored and seek only documents specifically concerning compliance with CDC Guidance at the Folkston ICE Facility and may only concern events that have occurred on or after April 20, 2020.  The requests should only seek documents Petitioners suggested Dr. Venters be allowed to review during the proposed in-person inspection.  Petitioners must serve their requests for production on or before May 26, 2020.  Respondents shall produce copies of responsive documents on or before June 2, 2020.  To the extent Respondents have any objections to the form or scope of Petitioners' forthcoming requests for production of documents, Respondents should immediately file objections on the docket in this case and contact the undersigned's courtroom deputy clerk to schedule a conference.

2.     Respondents must designate a witness who is knowledgeable about compliance with CDC Guidance at the Folkston ICE Facility.  Petitioners may depose that witness.  All deposition questions must be related to the topic of compliance with CDC Guidance at the Folkston ICE Facility.  The deposition may be conducted on a date, at a time, and at a location mutually agreeable to the parties but must occur not later than June 3, 2020.  The deposition shall not last longer than three hours.  Respondents may designate more than one witness, if one person is not sufficiently knowledgeable about compliance with CDC Guidance at the Folkston ICE Facility, but, in that instance, the total amount of deposition time should not exceed three hours.

**SO ORDERED**, this 20th day of May, 2020.

                                                      BENJAMIN W. CHEESBRO
                                                      UNITED STATES MAGISTRATE JUDGE
                                                      SOUTHERN DISTRICT OF GEORGIA